FILED
SCRANTON
MAY 19 2010

PER ꟽ. 6. P.
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK WELLER,
    Plaintiff

v.     CIVIL NO. 3:09-1370

(Judge Nealon)

U.S. DRUG ENFORCEMENT
ADMINISTRATION,
    Defendant

## MEMORANDUM AND ORDER

On May 14, 2009, Plaintiff, Mark Weller, filed a Complaint in the United States District Court for the Eastern District of Pennsylvania against the United States Drug Enforcement Administration seeking the return of his property, viz, a Harley Davidson Motorcycle. (Doc. 1). The case was subsequently transferred to the United States District Court for the Middle District of Pennsylvania. (Docs. 3, 4).

Previously, on September 26, 2007, a criminal complaint was filed against Mark Weller charging him with conspiracy to distribute a controlled substance. (United States v. Weller, 3:07-cr-460). On September 28, 2007, the motorcycle was seized from Weller by Agents of the DEA. On November 14, 2008, Plaintiff filed a Motion for Return of Property in his criminal case seeking the return of his motorcycle. (Id., Doc. 64). By Order dated January 15, 2009, Weller was directed to file a supplemental brief specifically addressing the jurisdiction of the court to hear the matter and the timeliness of the motion. (Id., Doc. 67). Instead, on February 10, 2009, Weller's attorney withdrew the Motion for Return of Property. (Id., Doc. 68). The Court therefore issued an Order on February 13, 2009 deeming the Motion withdrawn. (Id., Doc. 69).

1

Weller then filed the instant Complaint on May 14, 2009 in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1).

In the present Complaint, (Doc. 1), Weller sets forth the same arguments as previously raised in the Motion for Return of Property in his criminal case. As stated <u>supra</u>, a 2002 Harley Davidson motorcycle was seized from Weller on September 28, 2007 by Agents of the DEA and he seeks the return of his motorcycle or its monetary value. (Doc. 1).

Presently pending is a Motion to Dismiss and, in the alternative, a Motion for Summary Judgment filed by the government on March 12, 2010. (Doc. 10). The government argues that this Court does not have jurisdiction over the matter and, consequently, the Complaint should be dismissed. (Doc. 13). Alternatively, the government states that, viewing the facts in the light most favorable to the Plaintiff, summary judgment should be granted. (Doc. 13).

The government argues that the motorcycle was administratively forfeited to the United States, Weller failed to file a claim pursuant to 18 U.S.C. § 983 and this Court lacks jurisdiction to review the administrative forfeiture. (Doc. 13). The government states that Weller failed to file a valid claim pursuant to 18 U.S.C. § 983 contesting the forfeiture. (Doc. 13). <u>See U.S. v. $487, 825.00 in U.S. Currency</u>, 484 F.3d 662, 664 (3d Cir. 2007) ("The most significant requirement [in a civil forfeiture proceeding] is that the claimant must file a verified statement of interest"). In support of its position, the government provided a signed declaration from the DEA Forfeiture Counsel. (Doc. 13, Ex. 2). In his declaration, the DEA Forfeiture Counsel stated under penalty of perjury that notice was properly effectuated. (Doc. 13, Ex. 2).

In accordance with 18 U.S.C. § 983(a) and 19 U.S.C. § 1607(a), the DEA timely provided written notice of the seizure of the motorcycle to Weller and his attorney of record at the time,

Hervery B.O. Young, Esq. (Doc. 13, Ex. 2). See 18 U.S.C. § 983(a) ("[I]n any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure"); 19 U.S.C. § 1607(a) ("Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article"). Additionally, the government published notice of the seizure in The Wall Street Journal, a newspaper of general circulation in the Middle District of Pennsylvania, for the necessary length of time. (Doc. 13. Ex. 2). See 19 U.S.C. § 1607(a). See also 21 C.F.R. § 1316.75(a) ("[I]f a conveyance used to import, export or otherwise transport or store any controlled substance is involved, the custodian or DEA Asset Forfeiture Section shall cause a notice of the seizure and of the intention to forfeit and sell or otherwise dispose of the property to be published once a week for at least 3 successive weeks in a newspaper of general circulation in the judicial district in which the processing for forfeiture is brought").

The mailed notices indicated that a claim to contest the forfeiture must have been filed by November 29, 2007. (Doc. 13, Ex. 2). The published notice indicated that the deadline to file a claim was December 20, 2007. Id. Both mailed and published notices also informed interested parties of the option to request remission or mitigation of forfeiture. Id. Such petition had to include proof of the party's interest in the property and state facts and circumstances justifying remission or mitigation. Id.

On December 3, 2007, the DEA received Weller's Petition for Remission and Mitigation of Forfeiture, dated November 28, 2007. (Doc. 13, Ex. 2). On December 12, 2007 the DEA sent

3

a letter to Weller indicating that his Petition would be ruled on administratively. Id. Said letter was accepted by an individual other than Weller. Id. On January 9, 2008, an attorney for the Asset Forfeiture Section issued a declaration that notice of the seizure was published, no claim for the property was filed within the allotted time period and the forfeiture of Weller's motorcycle was supported by sufficient evidence, therefore, declaring that the property was forfeited to the United States. Id.

On March 7, 2008, Weller's Petition for Remission or Mitigation of Forfeiture was denied. (Doc. 13, Ex. 2). A letter was sent by certified mail, return receipt requested, to Attorney Hervery Young notifying him of the decision and of the option to file a request for reconsideration. Id. On April 10 and 17, 2008, Jeffrey M. Miller, Esq., an attorney for Weller, submitted a Request for Reconsideration of the denial of the Petition for Remission or Mitigation of Forfeiture and accompanying documentation. Id. The DEA denied the Request for Reconsideration on June 5, 2008. Id.

Weller argues that the Court has jurisdiction to entertain a motion for return of property at the conclusion of criminal proceedings against a defendant. (Doc. 14, pg. 2). However, presently before the court is Plaintiff's civil Complaint filed against the DEA, not a motion for return of property in a criminal proceeding.[1] (Doc. 1).

---

[1] Notably, in United States v. Weller, 3:07-cr-460, present counsel filed a Motion for Return of Property seeking the return of Weller's property. Weller was subsequently directed to file a supplemental brief establishing jurisdiction, as it appeared that the motion was untimely and not properly before this Court. Weller, 3:07-cr-460, Doc. 67; see also 18 U.S.C. § 983 (providing the procedure for which any person claiming seized property may file a claim with "the appropriate official"). In lieu of filing a brief, Weller's counsel filed a letter withdrawing the motion. Weller, 3:07-cr-460, Doc. 68. Three (3) months later, counsel filed the instant civil Complaint in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). No justification for venue was offered in the Complaint and counsel did not oppose

The Third Circuit Court has stated that "the remission decision of the Attorney General is not open to judicial review" and "any petition for remission or mitigation must be brought before the Attorney General, and that federal courts have no authority to modify or review that decision." United States v. Kravitz, 738 F.2d 102, 105 (3d Cir. 1984), cert. denied, 470 U.S. 1052, 105 S. Ct. 1752, 84 L. Ed.2d 816 (1985). The United States District Court for the Eastern District of Pennsylvania also addressed this issue and stated that "once the government has made an administrative determination on a petition for remission or mitigation, the courts have no authority to modify or review that decision." McCoy v. United States, 758 F. Supp. 299, 302 (E.D. Pa. 1991). See also Schrob v. Catterson, 948 F.2d 1402, 1413 n.9 (3d Cir. 1991) ("Generally, once the government has made an administrative determination on the petition, courts have no power to review that decision.") (citing Kravitz, 738 F.2d at 105).

Accordingly, because the DEA denied Weller's Petition for Remission or Mitigation, this Court lacks jurisdiction to hear the matter and the Complaint (Doc. 1) will be dismissed. An appropriate Order follows.

**Date:** May 19, 2010 /s/ William J. Nealon
**United States District Judge**

---

government's motion to transfer venue. (Doc. 2).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK WELLER,
    Plaintiff

v.

U.S. DRUG ENFORCEMENT
ADMINISTRATION,
    Defendant

CIVIL NO. 3:09-1370

(Judge Nealon)

## ORDER

**AND NOW,** this \_\_19th\_\_ day of May, 2010, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**;

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED**;

2. The Clerk of Court is directed to **CLOSE** this case.

_____
**United States District Judge**